FRANCIS H. DELAND AND LILLIAN R. DELAND, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28690.   Promulgated July 9, 1931.

*Francis H. Deland*, for the petitioners.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent on January 27, 1927, entered jeopardy assessments against petitioners as follows:

| Year | Deficiency | Penalty | Interest |
|------|-----------|---------|----------|
| 1921 | $150.46 | $75.23 | $40.55 |
| 1922 | 389.28 | 194.64 | 90.30 |
| 1923 | 361.80 | 180.90 | 62.22 |
| 1924 | 1,404.16 | 702.08 | 157.23 |
| 1925 | 95.47 | 47.74 | 4.96 |
| Total | 2,401.17 | 1,200.59 | 355.26 |

Petitioners allege that respondent erred in determining that their income was greater than that reported in their original returns; that the returns were not false or fraudulent; and that assessment and collection of the deficiency asserted for 1921 is barred by the statute of limitations.

By amended answer filed, respondent alleges that he erred in allowing credits for dependents for the years 1921 to 1924, inclusive; and asks that the deficiencies determined be increased accordingly.

Much of the evidence in this case had to do with a bank account maintained by petitioners, a safe-deposit box, and certain real estate purchased by petitioners in 1924. There was also a great deal of testimony concerning reports made to the Commissioner of Internal Revenue by the Special Intelligence Unit and others, during a period when petitioner Francis H. Deland was an employee in the Bureau of Internal Revenue, concerning Deland's personal activities outside the Bureau. Little of this evidence was relevant. Much of it would have been inadmissible upon proper objection. At the close of the hearing counsel for respondent conceded that such evidence was "out of the picture" so far as establishing fraud is concerned. Respondent's sole reliance now on the fraud issue is that petitioners erroneously claimed credit for dependents. To establish this ground, respondent placed in evidence birth certificates maintained by the District of Columbia showing the birth of two children to petitioners, one in 1902 and one in 1904. Petitioners claimed credit for two dependents in their returns for each of the years 1921 to 1924, inclusive. No claim for dependents was made in the 1925 return. Respondent's evidence on this phase of the case is wholly insufficient. It not only does not establish fraud, but does not even establish error. The credit for dependents allowed by section 216 (d) of the Revenue Acts of 1921 and 1924 is not limited to children under 18 years of age, but even if it were, the respondent's evidence would still be insufficient in that it fails to establish that the children of petitioners born in 1902 and 1904 were their only children. Accordingly, we hold that respondent has failed to prove fraud and likewise he has failed to establish his claim for increased deficiencies.

The joint return of petitioners for the year 1921 was executed on March 14, 1922. The original return has been destroyed and the copy produced by respondent does not show the date of filing. The respondent does not contend and we will not presume that it was filed late. The deficiency determined was assessed on January 27, 1927, which was beyond the statutory period and collection is barred.

The deficiencies in tax determined by respondent are prima facie correct and the burden is on petitioners to show error in the determination. They offered no evidence to support their claims of error in the determination, and for lack of evidence we are bound to affirm the deficiencies found for the years 1922 to 1925, inclusive.

*For the year 1921 decision of no deficiency will be entered. For the years 1922 to 1925 inclusive decision will be entered redetermining the deficiencies in tax in the amounts determined by respondent.*